UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TAKISHA HOUSTON,<br>    *Plaintiffs*, | )<br>)<br>) |
|     *vs.* | )   1:13-cv-01696-JMS-TAB<br>) |
| WESTSIDE GARDEN PLAZA,<br>    *Defendant.* | )<br>)<br>) |

# ORDER

Plaintiff Takisha Houston filed this action against her former employer Westside Garden Plaza ("Westside"), alleging that it illegally terminated her employment because of her disability. Presently pending before the Court is Westside's Motion to Dismiss and for Attorney's Fees. [Filing No. 36.] The basis for Westside's motion is that Ms. Houston has missed several deadlines and has failed to comply with Court orders. For the reasons explained, Westside's motion is **GRANTED IN PART** and **DENIED IN PART**.

## I.
## APPLICABLE LAW

"[A] party cannot decide for itself when it feels like pressing its action and when it feels like taking a break because trial judges have a responsibility to litigants to keep their court calendars as current as humanly possible." *GCIU Employer Retirement Fund v. Chicago Tribune Co.*, 8 F.3d 1195, 1198-99 (7th Cir. 1993). Federal Rule of Civil Procedure 37 provides that a party can be sanctioned for failure to comply with the Court's discovery orders, and those sanctions "may include" dismissal of the action. *See* Fed. R. Civ. P. 37(b)(2)(a), (d). "[T]o dismiss a case as a sanction for discovery abuse the court must only find that the party's actions displayed willfulness, bad faith, or fault." *Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009).

Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." [Fed. R. Civ. P. 41(b)](). Moreover, "[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." [Link v. Wabash R. Co., 370 U.S. 626, 630-31 (1962)](). An action may be dismissed for "want of prosecution or failure to comply" with the Court's orders "only when there is a 'clear record of delay or contumacious conduct, or prior failed sanctions.'" [Collins, 554 F.3d at 696]() (quoting [Maynard v. Nygren, 332 F.3d 462, 467 (7th Cir. 2003)]()).

## II.
### BACKGROUND

Ms. Houston filed this case against her former employer Westside, alleging that Westside terminated her employment because of her disability. [[Filing No. 1 at 2]().] On July 28, 2014, the Court ordered Ms. Houston to file a Statement of Claims by September 8, 2014, setting forth the claims she wishes to continue pursuing and "the legal theories upon which the claims . . . are based." [[Filing No. 18 at 1]().] On August 18, 2014, Westside filed a Motion to Compel Discovery, requesting the Court to compel Ms. Houston to comply with Westside's discovery requests and appear for her deposition. [[Filing No. 19]().] The Magistrate Judge granted in part Westside's motion. [[Filing No. 23 at 1]().]

Ms. Houston failed to file a Statement of Claims by the September 8 deadline. Therefore, the Court ordered Ms. Houston to show cause by September 29, 2014, why she should not be sanctioned or held in contempt, and required her response to "include the untimely statement of claims." [[Filing No. 26 at 1]().] The Court also warned Ms. Houston that "[f]ailure to respond may result in sanctions up to and including dismissal." [[Filing No. 26 at 1]().] Moreover, Westside filed

a renewed Motion to Compel Discovery on September 10, 2014, alleging that Ms. Houston failed to comply with the Court's previous discovery order. [Filing No. 24.]

Ms. Houston did not file a Statement of Claims by September 29, 2014. A hearing was held before the Magistrate Judge on October 1, 2014. [*See* Filing No. 30.] At the hearing, Ms. Houston explained that she had attempted to timely file a Statement of Claims, but the Clerk "did not accept [it] for filing, presumably because the letter did not contain a caption or cause number." [Filing No. 30 at 1.] Ms. Houston placed a caption on her Statement of Claims and filed it that day. [*See* Filing No. 29.] The parties also reached an agreement regarding the outstanding discovery issues, so the Magistrate Judge denied Westside's renewed Motion to Compel Discovery as moot. [Filing No. 30 at 1.] Lastly, the Magistrate Judge ordered Ms. Houston "to file her overdue preliminary witness and exhibit list by October 9, 2014." [Filing No. 30 at 1.]

Given Ms. Houston's explanation as to why she did not timely file her Statement of Claims, the Court discharged its Show Cause Order. [Filing No. 31 at 1.] However, Ms. Houston missed the October 9 deadline for filing her witness and exhibit lists, filing them instead on October 16. [*See* Filing No. 34.]

### III.
#### DISCUSSION

Westside seeks dismissal of this action pursuant to both Rule 37 and Rule 41, and also requests attorney's fees for both of Westside's motions to compel and for the instant motion. [Filing No. 37.] Ms. Houston did not respond to Westside's motion. The Court addresses the propriety of Westside's requests in turn.

### A. Dismissal Pursuant to Rule 37 and Rule 41

Westside argues that dismissal is the appropriate sanction for Ms. Houston's failure to comply with its discovery requests and repeated failure to comply with the Court's deadlines and orders. [Filing No. 37 at 2-4.] Specifically, Westside argues that Ms. Houston's discovery abuse should result in dismissal pursuant to Rule 37, and that, pursuant to Rule 41, Ms. Houston's repeated failure to comply with the Court's deadlines and orders should also result in dismissal. [Filing No. 37 at 2-4.]

As detailed above, Ms. Houston failed to respond to Westside's interrogatories and requests for production, leading the Magistrate Judge to grant in part Westside's first Motion to Compel. [Filing No. 23 at 1.] Failure to comply with a properly served interrogatory violates Rule 37(d)(ii) and is sanctionable under Rule 37(b). *See* Fed. R. Civ. P. 37(d). Westside is also correct that Ms. Houston has failed to comply with numerous deadlines the Court has imposed in this case. This permits Westside to seek dismissal pursuant to Rule 41(b). *See* Fed. R. Civ. P. 41(b). Nevertheless, the Court does not think dismissal is the appropriate sanction at this time.

Dismissal as a sanction is a "harsh penalty." *Collins*, 554 F.3d at 696. Indeed, the Seventh Circuit has described dismissal as a "draconian" sanction. *Maynard*, 332 F.3d at 467 (citation and quotation marks omitted). Moreover, "[d]ismissals without warning are appropriate in only the most extreme cases," and the "general rule" is that an "explicit warning must be given . . . prior to dismissal." *Fed. Election Comm'n v. Al Salvi for Senate Comm.*, 205 F.3d 1015, 1018-19 (7th Cir. 2000). Because dismissal is an extreme measure, the Court will not utilize it here. Although Ms. Houston has violated Rule 37 and failed to comply with the Court's orders, the Court does not believe the draconian sanction of dismissal is appropriate at this time given her continued attempts

to substantively comply with the Court's orders, even though she has missed nearly every deadline in doing so.

Even though the Court will not dismiss her action at this time, this is Ms. Houston's final warning. **Failure to comply with any Order of the Court or any deadline in this case in any respect will result in the summary dismissal of this action pursuant to Rule 41.** This includes, but is not limited to, showing up late or failing to show up to her deposition, or filing a late response brief.

### B. Attorney's Fees

Westside seeks attorney's fees for both of its motions to compel as well as this motion. [Filing No. 37 at 6.] Because the Court denies Westside's request to dismiss this case, the Court will not award Westside attorney's fees for the filing of the instant motion. However, Westside is entitled to attorney's fees and expenses for both of its motions to compel.

Rule 37(a)(5) addresses attorney's fees when a motion to compel is granted:

> (A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed. R. Civ. P. 37 (a)(5)(A); *see* Stookey v. Teller Training Distributors, Inc., 9 F.3d 631, 637 (7th Cir. 1993) ("Rule 37(a)[] clearly allows for an award of the expenses incurred in obtaining an order to compel, including attorney's fees.").

Westside filed two motions to compel in this case. [Filing No. 19; Filing No. 24.] Ms. Houston did not file a response to either motion. The Magistrate Judge granted in part Westside's first Motion to Compel, requiring Ms. Houston to respond to Westside's interrogatories and requests for production and attend a deposition. [Filing No. 23 at 1.] Westside filed a second Motion

to compel, arguing, among other things, that Ms. Houston did not respond to Westside's interrogatories as ordered by the Magistrate Judge. [Filing No. 25 at 2-3.] A hearing was held regarding Westside's second motion, at which the parties reached an agreement regarding the outstanding discovery issues; specifically, Ms. Houston agreed to provide Westside with a copy of her most recent paystub and the addresses of her four most recent employers. [Filing No. 30 at 1.]

Under Rule 37, when a motion to compel is granted (as the first motion was in part) or when discovery is provided after the filing of a motion to compel (as was agreed following the filing of the second motion), the Court "must, after giving an opportunity to be heard," award the movant "reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Ms. Houston had the opportunity to respond to Westside's request for attorney's fees, but did not do so. Even though Ms. Houston is proceeding *pro se*, this does not excuse her from following the procedural rules. McInnis v. Duncan, 697 F.3d 661, 665 (7th Cir. 2012) ("As we often have reminded litigants, even those who are pro se must follow court rules and directives."). Accordingly, Westside is entitled to attorney's fees for both of its motions to compel.

## IV.
### CONCLUSION

For the reasons explained, the Court **GRANTS IN PART** and **DENIES IN PART** Westside's Motion to Dismiss and for Attorney's Fees. [Filing No. 36.] Westside's request that the Court dismiss this case due to Ms. Houston's repeated failure to follow the Court's orders and meet the deadlines imposed on her is denied. **However, Ms. Houston must strictly follow all of the Court's orders and deadlines for the remainder of the case. Failure to do so will result in the summary dismissal of this action.** Westside is entitled to attorneys' fees and expenses from Ms. Houston for both of its motions to compel.

Westside must file its Fee Petition within fourteen days of the entry of this Order. Ms. Houston has fourteen days from the date Westside files its Fee Petition to file a response brief to the petition. No reply brief is necessary.

November 26, 2014

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via U.S. Mail to:**

TAKISHA HOUSTON
2312 Eagle Crest Circle
Unit B
Indianapolis, IN 46214

**Distribution via ECF to all counsel of record**